**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| Manuel Antonio MEZA CRUZ<br>A 246 091 745<br>             Petitioner,<br><br>   v.<br>JAMAL L. JAMISON, in his official capacity as the Facility Administrator of the Philadelphia Federal Detention Center; John E. RIFE, in his official capacity as acting Philadelphia Field Office Director for U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; PAMELA BONDI, Attorney General of the United States, in her official capacity;<br>             Respondents. | Case No. 26-1898<br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

**ORDER**

   **AND NOW**, this 25th day of March, 2026, upon consideration of Manuel Antonio Meza Cruz's Petition for Writ of Habeas Corpus (ECF No. 1), and the Respondents' opposition thereto, it is hereby **ORDERED** that the petition is **GRANTED**.[1] It is further ORDERED as follows:

---

[1] 1 Petitioner Manuel Antonio Meza Cruz is a 37-year-old citizen of Nicaragua. ECF No. 1 ¶¶ 1, 26. He entered the United States on or about October 5, 2022, and was released by immigration authorities with instructions to appear in immigration court and seek relief. *Id.* ¶¶ 4, 27. After his release, Petitioner settled in Reading, Pennsylvania, filed an asylum application that remains pending, obtained employment authorization, and complied with regular immigration supervision appointments. Id. ¶¶ 2–4, 28, 35; see also ECF No. 4 at 3–4 (describing this matter as a "Q. Li" case and stating that Petitioner was initially encountered near Eagle Pass, Texas, after entering without inspection, then later detained at an ICE appointment in this District on March 20, 2026). Petitioner is currently detained at the Federal Detention Center in Philadelphia. ECF No. 1 ¶¶ 1, 9, 15, 32; ECF No. 4 at 4.

Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause because 8 U.S.C. § 1226(a), not 8 U.S.C.§ 1225(b)(2)(A), governs his detention. ECF No. 1 ¶¶ 5–8, 39–85. The government argues that Petitioner remains an "applicant for admission" who is still "seeking admission" and is therefore subject to mandatory detention under § 1225(b)(2)(A). ECF No. 4 at 5–10. Although the government acknowledges that judges in this District have repeatedly rejected that position, it presses the argument here based on *Matter of Q. Li* and *Buenrostro-Mendez v. Bondi. Id.* at 3, 5–8.

It will come as no surprise to the government that this Court once again rejects its position and holds Petitioner's detention without a bond hearing violates the INA. Individuals like Petitioner, who have lived in the United States

1.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.    The government shall release Petitioner from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than March 26, 2026 at 4:00 P.M. E.S.T.

3.    The government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4.    If the government pursues re-detention of Petitioner, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT

HON. MIA R. PEREZ

---

for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). "Seeking admission" describes active and ongoing conduct – physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization. Petitioner was seeking admission in October 2022 when he entered the United States. He is no longer seeking admission now, after residing in Pennsylvania, pursuing asylum, and complying with ICE supervision for years. *See* ECF No. 1 ¶¶ 2–4, 27–28, 35. Section 1225(b)(2)(A), therefore, does not apply.

The Government's effort to divide recent habeas petitions into four "categories" is at most a descriptive litigation framework. It does not alter the statutory analysis, which turns on whether Petitioner was "seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A) when he was re-detained in the interior of the United States.

For the same reasons set forth in *Kashranov v. Jamison,* No. 2:25-cv-05555, 2025 WL 3188399, at *6–7 (E.D. Pa. Nov. 14, 2025), *Picon v. O'Neill,* No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and the many similar decisions in this District, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under § 1226(a) are entitled to seek a bond hearing before an immigration judge. Petitioner's detention without a bond hearing is therefore unlawful, and he is entitled to habeas relief.